IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cr-00006-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **OPINION** |
| | ) | **AND ORDER** |
| NEVILLE SINGLETON, | ) | |
| a.k.a. "Pit" | ) | |
| Defendant. | ) | |

On January 14, 2020, Defendant Neville Singleton was charged in a three-count indictment alleging that he possessed with the intent to distribute, entered a conspiracy to possess with the intent to distribute, and distributed a substance containing a detectable amount of methamphetamine.[1] [DE-1] The case is set for arraignment and trial at the term of criminal court commencing on June 16, 2020. [DE-49]

This matter comes before the court on Defendant's motions seeking orders requiring: (1) the disclosure of evidence implicating Federal Rule of Evidence 404(b) ("Rule 404(b)") [DE-39]; (2) the disclosure of evidence implicating *Brady v. Maryland*, 373 U.S. 83 (1963) [DE-40]; (3) the disclosure of evidence implicating the Jencks Act, 18 U.S.C. § 3500 [DE-41]; (4) the disclosure of evidence implicating *Giglio v. United States*, 405 U.S. 150 (1972) [DE-42]; and (5) the sequestration of witnesses at trial [DE-43]. The government has responded to all of Defendant's motions in an omnibus response. [DE-45]

For the reasons that follow, the court GRANTS IN PART and DENIES IN PART Defendant's Rule 404(b) motion, GRANTS IN PART and DENIES IN PART Defendant's motion to sequester witnesses, and DENIES Defendant's other motions.

---

[1] The Government also alleges that Defendant aided and abetted a codefendant with respect to the possession with intent to distribute and distribution charges. [DE-1]

1

## I. Rule 404(b) motion

Defendant first moves the court for an order requiring the government to "disclose to the Defendant its intentions with respect to any similar or extrinsic acts relating to evidence, not already previously disclosed to the Defendant, that the government anticipates attempting to introduce against the Defendant pursuant to the provisions of Rule 404(b) of the Federal Rules of Evidence." [DE-39 at 1] Defendant also asks that the government "be ordered to disclose to the Defendant the name and address of each such witness who will be called to testify relating to the specific evidence within the provisions of Rule 404(b), a description of the conduct which the Government intends to introduce in this regard and basis for admission." [DE-39 at 2] In the event that no such evidence exists, Defendant asks that the court order the government "to state to the Court in writing that no [Rule] 404(b) information exists which has not been provided to the Defendant." [DE-39 at 3]

Under Rule 404(b), upon request by a defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This court has held that, in a drug prosecution, the government provides Rule 404(b) information with reasonable notice by providing the information by the end of the week before trial is scheduled to take place. *See United States v. Swain*, No. 4:07-CR-62-D, 2008 U.S. Dist. LEXIS 21058, at *2–3 (E.D.N.C. Mar. 17, 2008). Accordingly, the government is ORDERED to provide Defendant with the general nature of any Rule 404(b) evidence that the government intends to introduce at trial, or to state to the court that it does not intend to introduce any such evidence, by the Thursday before the term of court during which trial is scheduled to begin.

The government is not required, however, to provide any information beyond the "general nature of" the Rule 404(b) evidence sought to be introduced to the Defendant, such as the basis for admission sought by Defendant. *See* Fed. R. Evid. 404(b). The court will consider the admissibility of any Rule

2

404(b) evidence at trial if and when the government seeks its introduction. The aspect of Defendant's Rule 404(b) motion seeking information beyond the "general nature of" the Rule 404(b) evidence is accordingly DENIED.

## II. *Brady* and *Giglio* motions

Defendant also moves the court pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) for an order requiring the government to produce all evidence which may be favorable to the Defendant, including "all evidence in [the government's] possession which tends to establish Defendant's innocence, mitigate punishment or impeach, discredit or contradict the testimony of any witness whom the government anticipate [sic] calling at trial." [DE-40 at 3; DE-42 at 2]

Under *Brady*, a due-process violation occurs when the government fails to disclose, prior to trial, any "evidence favorable to an accused . . . where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Under *Giglio*, any evidence affecting the credibility of a government witness that "may [] be determinative of [a defendant's] guilt or innocence" implicates *Brady*. 405 U.S. at 154 (citation omitted).

The Fourth Circuit has interpreted these cases to mean that the government must provide a defendant with any evidence that (1) would exculpate the accused or (2) could be employed to impeach a government witness. *United States v. Ellis*, 121 F.3d 908, 914 (4th Cir. 1997). However, so long as *Brady* material is disclosed to a defendant in time for its effective use at trial, there is no due-process violation. *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

The government first responds to Defendant's motion by representing that it is aware of its obligations to Defendant under *Brady* and *Giglio*. [DE-45 at 3] The government also says that it is unaware of exculpatory material. [DE-45 at 3] And the government assures the court that any material implicating

3

*Brady* or *Giglio* of which the government is or becomes aware will be disclosed in time for its effective use at trial by Defendant [DE-45 at 4], as required in this circuit. *Smith Grading & Paving*, 760 F.2d at 532.

Because the court credits the government's response that it will produce material implicating Brady or *Giglio* in conformity with applicable law, the court DENIES Defendant's *Brady* and *Giglio* motions.

### III. Jencks motion

Defendant also moves the court for an order requiring the government to "produce for the examination and use of the Defendant copies of statements of any and all witnesses that are in the Government's possession that relate to the subject matter concerning which witnesses will testify at trial[,]" invoking the Jencks Act, 18 U.S.C. § 3500. [DE-41 at 1] Anticipating the government's response, Defendant asks for this information "early[,]" citing an interest in judicial economy, or in the alternative, asks that such information be provided after the witnesses have testified on direct examination. [DE-41 at 4]

The government responds by noting that, under the Jencks Act, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also* Fed. R. Crim. P. 26.2(a) ("*After a witness other than the defendant has testified on direct examination*, the court, on motion of a party who did not call the witness, must order an attorney for the government . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." (emphasis added)).

Because no witness has yet testified, the court lacks the authority to issue the order requested by Defendant. *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) ("The district court may not require

4

the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."). Defendant's Jencks motion is accordingly DENIED.

### IV. Motion to sequester witnesses

Finally, Defendant moves the court for an order that the witnesses at trial be sequestered from each other. [DE-43] The government notes in response that Federal Rule of Evidence 615 gives a defendant a general right to have witnesses sequestered, but that courts cannot exclude from the courtroom, *inter alia*, "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." [DE-45 at 6 (quoting Fed. R. Evid. 615(b))] The government raises no general objection to Defendant's motion, but specifically objects to the exclusion of its case agent pursuant to Federal Rule of Evidence 615(b). [DE-45 at 6]

Pursuant to Federal Rule of Evidence 615, the court GRANTS Defendant's motion to sequester the witnesses at trial, except for the government's case agent whom the government's attorney shall designate as the government's representative prior to trial, as to whom Defendant's motion is DENIED.

### V. Conclusion

For the reasons stated above, Defendant's: (1) Rule 404(b) motion [DE-39] is GRANTED IN PART and DENIED IN PART; (2) *Brady* motion [DE-40] is DENIED; (3) Jencks motion [DE-41] is DENIED; (4) *Giglio* motion [DE-42] is DENIED; and (5) motion to sequester the witnesses at trial [DE-43] is GRANTED IN PART and DENIED IN PART.

SO ORDERED this the 5th day of June, 2020.

Richard E. Myers II
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE